**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BARTOLOME HERNANDEZ<br>1444 W Street, NW<br>Washington, DC<br><br>          Plaintiff,<br>     v.<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>          And<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br>1923 Vermont Avenue, NW<br>Washington, DC 20004<br><br>          Defendants. | Civil Action No. 07-1511 (RCL) |

**ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. Pro. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "Defendant" or "the District"), by and through undersigned counsel, respectfully answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendant specifically denies each and every allegation, statement, matter and thinG contained in the complaint.  Defendant responds to the numbered allegations in the

complaint on knowledge to itself and on information and belief as to other matters, as follows:

## Response to Jurisdiction

1. Defendant admits the statutory references cited in paragraph 1 of the complaint, but denies that this reference necessarily confers jurisdiction on this Court in this matter.

2. Defendant admits the statutory references cited in paragraph 2 of the complaint, but denies that this reference necessarily confers jurisdiction on this Court in this matter.

3. Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that venue is necessarily proper in this Court.

4. This paragraph states a conclusion of law to which no response is required.

5. Denied. This paragraph states a conclusion of law to which no response is required.

## Response to Parties

5. (sic) On information and belief, Defendant admits that Plaintiff, Bartolome Hernandez is a natural person residing in the District of Columbia. The remainder of this paragraph is specific denied, and if material, strict proof thereof is demanded at time of trial.

6. This paragraph states a conclusion of law to which no response is required.

7. Admitted.

8. Admitted.

## Response to Statement of Facts

9. Defendant admits that Hernandez was sentenced to a term of 180 days on two counts of child sexual abuse: (1) 2004 F-6349 and (2) 2004 CMD 6349. Each count was to be served consecutively. Moreover, the sentence contained an additional requirement

that Hernandez register as a sex offender. Furthermore, Hernandez was given credit for time served.

10.     Denied. Defendant specifically denies that Hernandez's sentence was complete on June 6, 2006, or that he was due to be released on that date. If material, strict proof thereof is demanded at time of trial.

11.     Defendant admits that Hernandez was not released on June 6, 2006.

12.     Denied. This paragraph states a conclusion of law to which no response is required.

13.     Defendant admits that on June 12, 2006, Judge Thomas Motley signed an order requiring that Hernandez be released on Case No. 04-CMD 6349, one of the two (2) charges on which Hernandez was being held. The Release order specifically states "Release from custody in this case **only**. (Emphasis in the original).

14.     Defendant admits only that Hernandez was released from custody on June 14, 2006.

15.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. If material, strict proof thereof is demanded at time of trial.

16.     Defendant is without sufficient information to admit or deny the allegations in this paragraph. If material, strict proof thereof is demanded at time of trial.

## Response to Count One

17.     Defendant repeats its responses to the allegations of paragraphs 1-16 of the complaint as if set forth at length herein.

18.     Denied. This paragraph states a conclusion of law to which no response is required.

19. Denied. This paragraph states a conclusion of law to which no response is required.

20. Denied. This paragraph refers to a Defendant other than answering Defendant; thus no response is required. To the extent a response is required; answering Defendant denies the allegations of paragraph 20. If material, strict proof thereof is demanded at time of trial.

21. Denied. This paragraph refers to a Defendant other than answering Defendant; thus no response is required. To the extent a response is required; this paragraph states a conclusion of law to which no response is required.

22. Denied. This paragraph refers to a Defendant other than answering Defendant; thus no response is required. To the extent a response is required; this paragraph states a conclusion of law to which no response is required.

23. Denied. This paragraph states a conclusion of law to which no response is required.

As to Plaintiff's WHEREFORE clause, no answer is required. No response is required to the remainder of Count I of the complaint, which sets forth Plaintiff's prayers for relief. To the extent that a response is required, Defendant denies these remaining allegations in Count I of the complaint.

## Response to Count Two

24. Defendant repeats its responses to the allegations of paragraphs 1-16 and 18-23 of the complaint as if set forth at length herein.

25.     Denied.  This paragraph refers to a Defendant other than answering Defendant; thus, no response is required.  To the extent a response is required; this paragraph states a conclusion of law to which no response is required.

26.     Defendant specifically denies that it falsely imprisoned Hernandez.  If material, strict proof thereof is demanded at time of trial.  By way of further answer, the remainder of this paragraph 26 states conclusions of law to which no response is required.

As to Plaintiff's WHEREFORE clause, no answer is required.  No response is required to the remainder of Count II of the complaint, which sets forth Plaintiff's prayers for relief.  To the extent that a response is required, Defendant denies these remaining allegations in Count II of the complaint.

## Response to Count Three

27.     Defendant repeats its responses to the allegations of paragraphs 1-16, 18-23, and 25-26 of the complaint as if set forth at length herein.

28.     This paragraph refers to a Defendant other than answering Defendant, thus no response is required.  By way of further response, this paragraph states conclusions of law to which no response is required.

29.     This paragraph refers to a Defendant other than answering Defendant, thus no response is required.  By way of further response, this paragraph states conclusions of law to which no response is required.

30.     Denied.  This paragraph states a conclusion of law to which no response is required.

As to Plaintiff's WHEREFORE clause, no answer is required.  No response is required to the remainder of Count III of the complaint, which sets forth Plaintiff's

prayers for relief. To the extent that a response is required, Defendant denies these remaining allegations in Count III of the complaint.

**Response to Count Four**

31.     Defendant repeats its responses to the allegations of paragraphs 1-16, 18-23, 25-26, and 28-30 of the complaint as if set forth at length herein.

32.     This paragraph refers to a Defendant other than answering Defendant, thus no response is required. By way of further response, this paragraph states conclusions of law to which no response is required.

33.     This paragraph refers to a Defendant other than answering Defendant, thus no response is required. By way of further response, this paragraph states conclusions of law to which no response is required.

34.     Denied. This paragraph states a conclusion of law to which no response is required.

As to Plaintiff's WHEREFORE clause, no answer is required. No response is required to the remainder of Count IV of the complaint, which sets forth Plaintiff's prayers for relief. To the extent that a response is required, Defendant denies these remaining allegations in Count IV of the complaint.

**Response to Count Five**

35.     Defendant repeats its responses to the allegations of paragraphs 1-16, 18-23, 25-26, 28-30, and 32-34 of the complaint as if set forth at length herein.

36.     This paragraph states a conclusion of law to which no response is required.

37. Denied. This paragraph states a conclusion of law to which no response is required.

38. Denied. This paragraph states a conclusion of law to which no response is required.

As to Plaintiff's WHEREFORE clause, no answer is required. No response is required to the remainder of Count V of the complaint, which sets forth Plaintiff's prayers for relief. To the extent that a response is required, Defendant denies these remaining allegations in Count V of the complaint.

Defendant further answers that all allegations not specifically admitted are denied.

### THIRD DEFENSE

Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

The Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operation standards, and negligence.

### FIFTH DEFENSE

In the alternative, the Defendant alleges that the Plaintiff's injuries, losses, or damages, if any there be, were the result of the negligence of someone other than the Defendant, thereby reducing or eliminating any damages owned to the Plaintiff from the Defendant.

### SIXTH DEFENSE

Defendant asserts that its actions or inactions were not the substantial factor in any harm or injury to Plaintiff.

## SEVENTH DEFENSE

The Defendant alleges that the public duty doctrine is a bar to the claims alleged by Plaintiff.

## EIGHTH DEFENSE

The Defendant alleges that sovereign immunity is a bar to the claims alleged by Plaintiff.

## NINTH DEFENSE

The Defendant alleges that it acted in good faith, thereby warranting dismissal of this lawsuit.

## TENTH DEFENSE

The Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the
                District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                ELLEN EFROS [250746]
                Chief, Equity I

                /s/ Denise J. Baker
                Denise J. Baker
                D.C. Bar No. 493414
                Assistant Attorney General
                441 4th Street, Northwest
                6th Floor South
                Washington, D.C. 20001

202-442-9887 (Telephone)
202-727-0431 (Facsimile)