UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARTOLOME HERNANDEZ<br>1444 W Street, NW<br>Washington, DC<br><br>          Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-1511 (RCL) |

**THE DEFENDANT, DISTRICT OF COLUMBIA'S RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the District of Columbia (hereinafter, "the District" or "the Defendant), by and through undersigned counsel submit the following report:

**INTRODUCTION**

Defendant repeatedly attempted to secure the cooperation of plaintiff's counsel in order to file a proposed joint scheduling order, but that as of the time of the filing, Defendant's efforts in this respect were unsuccessful and Plaintiff's counsel had not forwarded Plaintiff's portion of the Report or otherwise completely responded to Defendant's communications. Therefore, Defendant files the Report as follows:

**A.    STATEMENT OF CLAIMS:**

Defendant believes that this case arises out of plaintiff's claims that he was overdetained in D.C. Jail.

**B.    STATEMENT OF DEFENSES:**

Defendant, the District of Columbia alleges that plaintiff was sentenced to a term of 180 days on 2 counts of child sexual abuse to be served consecutively on 3/22/06. The District

denies that Hernandez's sentence was complete on 6/6/06. The release order was signed for only ONE of the two charges, and this is specifically stated and emphasized in the order. The District believes it acted in accordance with all laws, regulations, etc. and that if there are any damages, they are a result of a party other than the District.

**C.     THE DISTRICT'S DISCOVERY PLAN:**

    1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The case is likely to be disposed of by dispositive motion. A dispositive motion has not yet been filed.

    2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The District asserts that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference.

    3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The District asserts that the case should not be assigned to a magistrate judge for all purposes. However, the District would agree that a magistrate judge should be assigned to resolve any discovery matters and to conduct mediation in this case.

    4.     Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

    5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The District asserts that although settlement does not appear to be a realistic possibility at this time, there may benefit from mediation with a magistrate judge at a later date. Mediation, if

the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any dispositive motion.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The District proposes that the case can be resolved by summary judgment. The deadlines for such motion should be as follows:

    a. Dispositive Motion: 30 days after the close of expert discovery

    b. Oppositions: 18 days after filing of dispositive motion

    c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The District proposes that the parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The District proposes the following discovery plan:

    a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b. The number of interrogatories be limited to 25 per side.

    c. The number of depositions to be limited to 5 per side.

    d. The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The District proposes that expert witness reports and information should be exchanged and expert discovery should occur as follows:

    a.    Plaintiff's Expert Report:    30 days after the close of fact discovery

    b.    Defendants' Expert Report:    60 days after the close of fact discovery

    c.    Close of Expert Discovery:    90 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The District proposes that bifurcation of the trial and/or discovery is not necessary at this time. However, the District reserves the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days therafter.)

The District proposes that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The District proposes that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

                                      Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                  )
BARTOLOME HERNANDEZ                      )
1444 W Street, NW                                       )
Washington, DC                                            )
                                                                  )
                         Plaintiff,                           )
         v.                                                      )     Civil Action No. 07-1511 (RCL)
                                                                  )
DISTRICT OF COLUMBIA,                        )
A Municipal Corporation                             )
1350 Pennsylvania Avenue, NW              )
Washington, DC 20004                               )
_____)

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the Defendant District of Columbia's LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2007, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

3. The number of interrogatories is to be limited to 25 per side.

4. The number of depositions is to be limited to 5 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7. Defendant's expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 90 days after the close of fact discovery

2

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

12. A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____          _____
Date                                                                          **ROYCE C. LAMBERTH**
                                                                                      United States District Judge
                                                                                      for the District of Columbia

2